Hand-Delivered
FILED
STATESVILLE, NC

DEC 2 9 2017

U.S. District Court
Western District of N.C.

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(File No.: 5:15-CV-66-FDW)

| | | |
|---|---|---|
| MARSHALL LEE BROWN, JR., | ) | |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S MOTION OF DECLARATION IN |
| | ) | OPPOSITION AND RESPONSE TO THE |
| vs.. | ) | MOTION TO DISMISS ON BEHALF |
| | ) | OF DEFENDANTS, BEAVER, REDDING, |
| | ) | EDWARDS AND BROWN |
| GEORGE T. SOLOMON, et al, | ) | |
| Defendants. | ) | |

NOW COMES PLAINTIFF, Marshall Lee Brown, Jr., pro se, who respectfully request and plead that this Honorable Court does not dismiss the Plaintiff's Complaint based on the arguments of the above-named Defendants and that the Court consider the following factual reasons:

1. According to the Defendants' motion on page five (5) they state:
   "Following state law for serving a summons. . . (d) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

2. Plaintiff's Complaint clearly identifies each Defendant in their official capacity as agent/officers of the North Carolina Department of Public Safety-Adult Prisons.

3. The Defendants' own motion concedes that the U.S. Marshall's Services accomplished this by clauses (b) and (d) combined in the N.C. Rules of Civil Procedure's Rule 4(j)(1).

4. According to Defendants' motion they state:
   "[T]he obvious problem that Defendant Beaver is not actually a party in this action for whom summons should have been issued in the first place. . . the U.S. Marshall failed to follow the procedure in Rule 4(j)(d) in several respects.

5. The Plaintiff's opposes Defendants' allegation and asserts that the U.S. Marshall's Service accomplished their objective by combining N.C. Rule of Civil Procedure 4(j)(b) and (d). Plaintiff, further, asserts that in his reading of Federal Rule of Civil Procedure 25(d) it permits the substitution of the name of a party who's acting in their official capacity, office or position who has been removed by death or separation from the office and replaced with the acting person's name in the official capacity.
   In further support of Plaintiff's argument, he directs this Court to the U.S. Supreme Court's decision in *Hafer v. Melo*, 502 U.S. 21, 25; 112 S. Ct 358 (1991) which held that:
   "[A] suit against a state official in his or her official capacity is not a suit against the

official but rather is a suit against the official office." See also, *Monell v. New York City Dep't. of Social Services*, 436 U.S. at 690 n 55 which provides that: ". . .naming a defendant in his or her official capacity is the same as suing the municipality [agency] itself.

6. The Plaintiff asserts that all identified Defendants are, in fact, agents or officers of the agency of the North Carolina Department of Public Safety and that the U.S. Marshall's Service accomplished their objective of serving the summons since said agents of the agency did in fact receive, log and sign for service of process and service for the identified officials. That the agency of the North Carolina Department of Public Safety-Adult Prison did complete process and service is demonstrated by the fact that the Attorney General's office, which represent state agencies, has responded to Plaintiff's Complaint.

7. Finally, as a practical matter Plaintiff asserts the obvious fact that he is incarcerated and thereby dependent upon the actions others in conducting his affairs with the outside world. The manner in which the U,S. Marshall's service conducts its official duties is totally out of Plaintiff's control. As this Honorable Court is abundantly aware, the fundamental purpose for process and service of process is to place parties on notice that legal action has been instituted against them and that they are being summoned for the opportunity to be heard. In the instant case, said notice and summons as been accomplished.

THEREFORE, Plaintiff prays and request that the Court, in deciding the Defendants' Motion to Dismiss, considers and accept the allegations of Plaintiff's Complaint as true and construe said allegations and any reasonable inferences that might be drawn from them, in the light most favorable to the Plaintiff and thereby DENY Defendants' Motion to Dismiss.

This the 20ᵗʰ day of _December_ ,2017.

_Marshall Lee Brown Jr._
Marshall Lee Brown, Jr. Plaintiff

# CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing PLAINTIFF'S MOTION OF DECLARATION IN OPPOSITION AND RESPONSE TO THE MOTION TO DISMISS ON BEHALF OF DEFENDANTS, BEAVER, REDDING, EDWARDS AND BROWN to which this Certificate is affixed was served upon the person(s) named below by depositing a copy of the same, enclosed in a first-class, postage prepaid wrapper properly addressed to the party, in a Post Office, or official depository under the exclusive care and custody of the United States Postal Service to be delivered to the Attorney of Record, on this the 29th day of December, 2017.

> c/o Joseph Finarelli, Esq.
> Special Deputy for N.C. Attorney General
> Attorney for Defendants:
> George T. Solomon
> Swindell Edwards
> Betty Brown
> Daniel Redding
> Ken Beaver
> N.C. State Department of Justice
> Public Safety Section
> P.O. Box 629
> Raleigh, NC 287602-0629

> Marshall L. Brown, Jr., #0050673
> 633 Old Landfill Road
> Taylorsville, NC 28681