DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-cv-66-FDW

| MARSHALL LEE BROWN, JR., | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| GEORGE T. SOLOMON, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on a Motion to Dismiss filed by Defendants Betty Brown, Swindall Edwards, Daniel Redding, and Kenneth Beaver pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure, (Doc. No. 11), alleging insufficient service of process and lack of personal jurisdiction.

I. BACKGROUND

Plaintiff is a North Carolina prisoner alleging that his religious rights were infringed while he was incarcerated at the Alexander Correctional Institution in 2014 and 2015. (Doc. No. 1). He is proceeding *pro se* and *in formal pauperis*. (Doc. No. 3). The Court conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and, on September 18, 2017, determined that the claims based on the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), were sufficient to proceed against Defendants George T. Solomon, Betty Brown, Swindell Edwards, Daniel Redding, and Susan White. (Doc. No. 7). The Court instructed Plaintiff to complete and return to the Court summons forms for service of process. (Doc. Nos. 7, 8). Plaintiff returned summons forms addressed to "Kenneth Lassiter –

1

Director N.C. Department of Public Safety – Prisons" in Raleigh, "Betty Brown – Chaplaincy Services Director NC Department of Public Safety – Prisons" in Raleigh, "Swindell Edwards – Chaplaincy Services Director – NC Department of Public Safety – Prisons" in Raleigh, "Daniel Redding, Clinical Chaplain II, Alexander Correctional Institution," and "Ken Beaver, Superintendent, Alexander Correctional, Institution," which the Clerk of Court issued electronically to the U.S. Marshal for service of process on November 3, 2, 2017. (Doc. No. 9).

On December 8, 2017, counsel filed a notice of appearance on behalf of Defendants Brown, Edwards, and Redding, and filed the instant Motion to Dismiss supported by a memorandum of law and affidavits. (Doc. No. 10, 11). The Court issued a Roseboro[1] Order to Plaintiff on December 18, 2017, advising him of the importance of responding to Defendants' motion. (Doc. No. 13). Plaintiff has filed a Response. (Doc. No. 14).

**II.     STANDARD OF REVIEW**

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998). A motion may be brought to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process may be brought pursuant to Rules 12(b)(2), 12(b) (4) and 12(b)(5) of the Federal Rules of Civil Procedure. Once the sufficiency of service is challenged, the plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Rule 4. See, e.g., Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996).

---

[1] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

## III. DISCUSSION

Rule 4(e) of the Federal Rules of Civil Procedure provides as follows:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Rule 4(j)(1) of the North Carolina Rules of Civil Procedure prescribes the manner by which service may be effectuated in North Carolina, directing that service upon a natural person shall be as follows:

> a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
>
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
>
> e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C. R. Civ. P. 4(j)(1).

Rule 4(j)(1)(d) requires the summons that is deposited with a designated delivery service to be "addressed to the party to be served, delivered to the addressee, and obtain a delivery receipt." N.C. R. Civ. P. 4(j)(1)(d). Although service of process should correctly state the name of the parties, a mistake in the names is not always a fatal error, and as a general rule a mistake in the given name of a party who is served will not deprive the court of jurisdiction. Jones v. Whitaker, 59 N.C. App. 223, 225–26, 296 S.E.2d 27, 29 (1982) (citing 62 Am.Jur.2d Process § 18 (1972)). "Names are to designate persons, and where the identity is certain a variance in the name is immaterial." Patterson v. Walton, 119 N.C. 500, 501, 26 S.E. 43 (1896); see also Cogdell v. Telegraph Co., 135 N.C. 431, 438, 47 S.E. 490, 493 (1904) ("It is … well established that a name merely misspelled is nevertheless the same name."). Errors or defects in the pleadings not affecting substantial rights are to be disregarded. Patterson, 119 N.C. at 501; Jones, 59 N.C. App. at 225-26.

In support of the Motion to Dismiss, Defendants allege that a FedEx package was delivered to the Gatehouse at Alexander C.I., that was addressed to "Beaver, Redding, Edwards, Brown." (Doc. No. 12-1 at 3). Defendant Kenneth Beaver, who is currently the Superintendent of Alexander C.I., opened the package and discovered summonses issued to himself as well as Defendants Redding, Edwards, and Brown. (Doc. No. 12-2 at 2). There are two employees at Alexander C.I. with the surname "Beaver," and two with the surname "Redding." (Doc. No. 12-1 at 2). Neither Defendant Edwards nor Defendant Brown are employed at Alexander C.I. (Doc. No. 12-1 at 2). Defendants argue that Defendant Beaver is not a proper party to this action because he was not named anywhere in the Complaint, Beaver was not mentioned in the Court's frivolity review, and therefore, issuance of a summons was in error and, in any event, service was defective. Moreover, services as to all Defendants was defective because the U.S. Marshal's use of a single FedEx

4

envelope addressed to "Beaver, Redding, Edwards, Brown," and delivered to the Gatehouse of Alexander C.I., does not comply with Rules 4(e) of the Federal Rules of Civil Procedure or Rule 4(j) of the North Carolina Rules of Civil Procedure. Defendants therefore ask that Plaintiff's claims be dismissed against Defendants for lack of personal jurisdiction and insufficiency of service of process.

Plaintiff filed a Response arguing that service was sufficient pursuant to Rule 4(j)(1)(b) and (d). With regards to Kenneth Beaver, Plaintiff argues that he was permitted to substitute Kenneth Beaver as a Defendant because he replaced Susan White as Administrator at Alexander C.I. Finally, Plaintiff notes that he is incarcerated and dependent on the U.S. Marshal to complete sufficient service of process.

As a preliminary matter, the Court agrees with Plaintiff that his official-capacity claims against Defendant White were automatically substituted for her successor, Beaver, when he replaced her as Administrator of Alexander C.I. Kentucky v. Graham, 473 U.S. 159, 165 (1985). However, the claims against White in her individual capacity did not transfer and Plaintiff still needs to serve White if he intends to pursue any individual capacity claims against her.

With regards to sufficiency of service, Plaintiff's reliance on Rule 4(j)(1)(b) is misplaced. The package was delivered to the Alexander C.I. gatehouse where Correctional Officer Paul Herman accepted it. (Doc. No. 12-2 at 2). Plaintiff relies only on his own conclusory and unsupported contentions to argue that Officer Herman was somehow authorized to accept service on behalf of any of the Defendants. Plaintiff has thus failed to satisfy his burden that service complied with Rule 4.

Plaintiff's citation to Rule 4(j)(1)(d) is more persuasive. Although the FedEx package was addressed to "Beaver, Redding, Edwards, Brown," and there are apparently two employees with

the surname "Beaver" at Alexander C.I., the package reached the correct individual at his place of employment, and he opened it and received a summons addressed to him. Service was sufficient under these circumstances. See, e.g., Jones, 59 N.C. App. at 225-26, 296 S.E.2d at 29 (the fact that the summons and complaint were directed to Sherrie Sapp Whitaker and the deputy sheriff changed the name from Sherrie to Shirley when he served the defendant is of no legal significance since the proper party was actually served. Under these circumstances, the defendant could not have suffered any prejudice. All that is required is that the proper party be properly served.). However, Plaintiff has failed to carry his burden of establishing service on Defendants Redding, Edwards, and Brown, by showing that any of these individuals ever received service.

Even though Defendants Redding, Edwards, and Brown have not been served, the Court will nevertheless deny Defendants' Motion to Dismiss. Plaintiff is incarcerated and proceeding *pro se* and *in forma pauperis*. Plaintiffs who are proceeding *in forma pauperis* must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, 210 F.3d 361 (4th Cir. 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

The Court will not penalize Plaintiff for having relied on the Clerk of Court and the U.S. Marshals Service to effect service of process on his behalf. See Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010) (declining to penalize in forma pauperis plaintiff for U.S. Marshals Service's

6

delay in effecting service of process); Carroll v. Fentress Cnty. Sheriff's Dep't, 2012 WL 140417 at *2 (M.D. Tenn. Jan. 18, 2012) (magistrate report and recommendation denying motion to dismiss for insufficient service of process, noting that once prisoner plaintiffs have adequately identified the defendants to be served, "responsibility for service of process rest[ed] with the United States Marshals Service. If defendants were not properly served, plaintiffs cannot be held responsible"), *adopted*, 2012 WL 847775 (M.D. Tenn. Mar. 12, 2012).

Therefore, the Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain personal service on Defendants Solomon, Brown, Edwards, Redding, and White, in accordance with Rule 4.[2]

Further, the Court notes on *sua sponte* review of the record that no return of service has been entered for Defendants George T. Solomon or Susan R. White. The U.S. Marshal is also instructed to use reasonable efforts to locate and serve these Defendants.

IV.     **CONCLUSION**

For the reasons stated herein, Defendant's Motion to Dismiss will be denied with regards to Defendant Beaver in his official capacity, but granted as to Defendants Redding, Edwards, and Brown. The U.S. Marshal will be instructed to use reasonable efforts to effectuate service on Defendants Redding, Edwards, Brown, Solomon, and White.

**IT IS THEREFORE ORDERED THAT**:

(1)     Defendants Beaver, Brown, Edwards, Redding's Motion to Dismiss, (Doc. No. 11), is **GRANTED** in part and **DENIED** in part as stated in this Order.

(2)     Within 30 days of this Order, the U.S. Marshal shall use reasonable efforts to locate

---

[2] The Court notes that its local rules have now been amended to provide for waiver of service in state prisoners' civil rights cases for present and former employees of the North Carolina Department of Public Safety. LCvR 4.3.

and obtain personal service on Defendants **Redding, Edwards, Brown, Solomon, and White** in accordance with Rule 4 of the Federal Rules of Civil Procedure. If the U.S. Marshal is unable to locate and obtain and service on Defendants within this time period, the U.S. Marshal shall inform the Court of the efforts taken to locate and serve them.

(3) The Clerk of Court is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Signed: January 16, 2018

Frank D. Whitney
Chief United States District Judge