# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### 5:15-cv-66-FDW

MARSHALL LEE BROWN, JR.,    )
    )
    Plaintiffs,    )
    )
vs.    )    **CASE MANAGEMENT ORDER**
    )    **(JURY TRIAL)**
GEORGE T. SOLOMON, et al.,    )
    )
    Defendants.    )
_____ )

    **THIS MATTER**, upon assignment to the Honorable Frank D. Whitney, and following conference of counsel pursuant to Local Civil Rule 16.1(a), shall be governed by the following Case Management Order entered pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. This Order is intended to supplement, not supplant, the Court's previously entered Initial Scheduling Order.

---

### DEADLINES AT A GLANCE

| | |
|---|---|
| **Pretrial Submissions:** | **7 calendar days before FPC** |
| **Final Pretrial Conference (FPC):** | **February 6, 2019 at 9:00 AM** |
| **Trial Setting:** | **Term beginning March 4, 2019** |

---

## 1.    PRETRIAL AND TRIAL PROCEDURES

    *a.*    **Trial.**  This case shall be tried **with** a jury.  Counsel should be prepared to proceed to trial at the first available term of court commencing on or after **March 4, 2019**.

    **b.**    **Final Pretrial Conference.**  The Final Pretrial Conference shall be held on **February 6, 2019 at 9:00 AM, Courtroom 1-1, 401 W. Trade St. Charlotte,**

**North Carolina.** On or before the date of the final pretrial conference, counsel shall seriously revisit the possibility of settlement and be prepared at conference to inform the Court of the parties' efforts.

c. **Pretrial Submissions.** The Court requires the following pretrial submissions to be jointly drafted and submitted to Chambers at least seven (7) calendar days prior to the final pretrial conference:

    i. <u>Jointly-Proposed Pretrial Order.</u> This jointly-prepared and jointly-submitted document shall contain:

        (1) A joint statement of the case, the purpose of which is to acquaint the jury with the nature of the case. Unless the case is extremely complex, this statement should not ordinarily exceed one page.

        (2) Stipulations as to all issues of law or fact to which the parties can agree for purposes of streamlining trial. If a party fails to stipulate to a fact (*e.g.*, the authenticity of a document) without articulating a good faith basis for disputing it, the Court shall assess against that party the opposing party's costs (including the cost of subpoena service, witness travel costs and fees, and reasonable attorney's fees) incurred in proving the fact at trial. <u>See</u> Fed. R. Civ. P. 37(c)(2).

        (3) A brief synopsis (no argument) of the legal or factual contentions about which the parties have been unable to stipulate. Any advocacy should be reserved for a trial brief which may be submitted as provided in Paragraph 4(d) below.

(4)     A list of exhibits that each party may offer at trial (except those offered solely for impeachment or cross-examination), numbered sequentially; a brief description of the exhibit; any stipulations as to authenticity or admissibility; and the basis for any objections. This information shall be entered into a table in substantially the following format (the last two columns should be left blank to be completed by the courtroom clerk at trial):

| Exh. No. | Description | Stipulation – Authenticity | Stipulation – Admissibility | Objections | Identified By | Admitted |
|----------|-------------|----------------------------|-----------------------------|------------|---------------|----------|
| 1 | Police Report | Yes | No | Hearsay | | |
| 2 | Draft of Contract | No | No | Foundation, Relevance, Parol Evidence | | |

(5)     Designations by volume, page and line of all portions of pleadings and discovery materials, including depositions, interrogatories, and requests for admission, that each party may offer at trial (except those offered solely for impeachment or cross-examination); cross-designations; a brief description of the substance of the designation; and the basis for any objections. This information should be entered into a similar table format as the exhibit list.

(6)     A list of the names and addresses of all witnesses each party may offer at trial, together with a brief statement of what counsel proposes to establish by their testimony.

(7)     A statement of the qualifications of any expert witness a party may

offer at trial, unless the parties have stipulated to the qualifications of the expert witness as provided above.

ii.    <u>Jointly-Proposed Voir Dire.</u>  The general procedures governing voir dire are set forth in the Court's Standing Order Governing Jury Selection and Instruction in Civil Cases Before the Honorable Frank D. Whitney, Miscellaneous No. 3:07-MC-47, (Doc. No. 5).  In addition to the Court's standard voir dire, counsel may prepare and jointly submit a single compilation of voir dire questions sought to be asked, also noting the agreement or objection of other parties to each proposed question.  Pursuant to Rule 47(a), the Court will ask prospective jurors only such of the proposed voir dire as it deems proper.

iii.    <u>Jointly-Proposed Jury Instructions.</u>  The general procedures governing jury instruction are set forth in the Court's Standing Order Governing Jury Selection and Instruction in Civil Cases Before the Honorable Frank D. Whitney, Miscellaneous No. 3:07-MC-47, (Doc. No. 5).  Any objections to, or requests for modification or supplementation of, the Court's pattern jury instructions must be made at this time or may be deemed waived.  In addition to the Court's generally-applicable pattern jury instructions, counsel should prepare and <u>jointly submit a single compilation</u> of proposed jury instructions that are narrowly tailored to the anticipated issues arising at trial (*e.g.*, the elements of the claims and defenses at issue), subject to supplementation at the close of evidence, as necessary, as contemplated by Rule 51.  Counsel shall identify and index each proposed instruction by

number and heading, and support each proposed instruction with adequate legal authority. Where there is disagreement as to any instruction, this jointly prepared submission shall disclose the basis for a party's objection and (if applicable) provide a proposed alternate instruction.

iv. <u>Exhibits.</u> All proffered documentary exhibits (including designated portions of discovery materials), shall be electronically published through the multimedia technology available in the courtroom. Accordingly, immediately after submitting the jointly-proposed pretrial order, counsel shall submit to Chambers a CD-ROM containing the pertinent files (in JPEG or PDF format for documents and images and MPEG format for audio/video), named according to the corresponding exhibit number assigned to the exhibit in the proposed pretrial order. These exhibit CD-ROMs are to be courtesy copies for the Court. <u>Counsel should be aware that each party will bear sole responsibility for maintaining the actual exhibits offered by that party and admitted at trial.</u>

All working drafts of documents (*e.g.*, the proposed pretrial order, voir dire, jury instructions) shall be submitted to Chambers electronically, in either Microsoft Word or Rich Text (RTF) format, utilizing the CyberClerk feature of CM/ECF. Submissions required to be made in a tangible medium (*e.g.*, hard copies of papers and exhibits) must be sent so as to ensure their receipt in Chambers by the deadlines set forth herein.

d. **Motions *In Limine* and Trial Briefs.** To the extent that contested issues of law and evidentiary objections can be anticipated in advance of trial, trial briefs and/or

motions *in limine*, if appropriate, shall be filed on the Monday prior to the first day of the trial term during which the case has been calendared. Written responses shall be due on the Thursday prior to the first day of the trial term. Word limits for motions *in limine* shall be governed by Paragraph 3(c)(i) and word limits for trial briefs shall be governed by Paragraph 3(c)(ii).

**e.** **Video Depositions.** If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections and edit the video accordingly so that the video may be shown without interruption. Failure to do this prior to trial will result in objections being deemed to be waived.

**f.** *De Bene Esse* **Depositions.** *De bene esse* trial depositions may not be taken outside of the discovery period without consent of all parties or leave of court upon a showing: (i) that the deponent will be unavailable at trial for one of the reasons set forth in Rule 32(a)(3) and, if the reason for unavailability is that the witness resides outside of the Court's subpoena power, that the party desiring the testimony has first made a good faith effort to obtain the voluntary attendance of the witness at trial; (ii) that the witness had not previously been deposed in a discovery deposition, or that exigent facts exist that would justify reopening the deposition; (iii) that the deposition can be scheduled at least fourteen (14) calendar days before the first day of the trial term during which the case has been calendared; and (iv) that no substantial and irremediable prejudice will result to an adverse party on account of the taking of the deposition.

**g.** **Trial Subpoenas.** Counsel must subpoena all witnesses at least fourteen (14) calendar days before the first day of the trial term during which the case has been

calendared.  The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline.

**h.**     **Assessment of Jury Costs.**  Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs (including Marshal's fees, mileage reimbursement, and *per diem* fees) equally against the parties or otherwise may determine appropriate assessments, unless the Clerk's office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against them.  When any civil trial is settled at trial in advance of a verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

**IT IS SO ORDERED.**

Signed: December 21, 2018

Frank D. Whitney
Chief United States District Judge