# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:15-cv-66-GCM

| | |
|---|---|
| MARSHALL LEE BROWN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| GEORGE T. SOLOMON, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## CONSENT JUDGMENT AND DECREE

1. Whereas on May 27, 2015, Plaintiff Marshall L. Brown ("Brown") filed a Complaint seeking injunctive relief from: (1) North Carolina Department of Public Safety ("NCDPS") Director George T. Solomon; (2) NCDPS Chaplaincy Services Director Betty Brown; (3) NCDPS Chaplaincy Services Director Swindell Edwards; (4) Alexander CI Chaplain Daniel Redding; and (5) Alexander CI Superintendent Susan White.

2. Whereas on December 8, 2017, Motions to Dismiss were filed on behalf of Defendants Betty Brown, Swindell Edwards, Daniel Redding, and Kenneth Beaver pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure, (Doc. No. 11), alleging insufficient service of process and lack of personal jurisdiction.

3. Whereas the Motions to Dismiss were denied with regards to Defendant Beaver in his official capacity, but granted as to Defendants Redding, Edwards, and Brown.

4. Whereas the parties believe that a resolution of the matter at this time and in the manner encompassed by the terms of this Consent Decree serves the best interests of the State and its citizens.

1

5. Whereas the parties agree that this Consent Decree promotes judicial economy, protects the limited resources of the parties, and resolves Brown's claims against the NCDPS Defendants.

6. Whereas the parties wish to record this agreement as set forth in this Consent Decree, and thereby effect a binding and enforceable resolution of the surviving claims raised by Brown against the NCDPS Defendants in the Complaint.

7. Whereas the parties therefore consent to entry of the following final and binding judgment as dispositive of all claims raised by Brown against the NCDPS Defendants.

8. Whereas NCDPS agrees to revise its Religious Practices Manual and related policies and procedures to recognize the Jehovah's Witness religion as a distinct non-Trinitarian faith group. To carry out this revision, NCDPS agrees to adopt the following description of the Jehovah's Witness faith:

> *"Jehovah's Witnesses believe that God is one person, Jehovah. Jesus was Jehovah's first creation. Jesus is not God, nor part of the Godhead. He is higher than the angels but inferior to God. Jehovah used Jesus to create the rest of the universe. Before Jesus came to earth, he was known as the Word and the archangel Michael. The Holy Spirit is an impersonal force from Jehovah, but not God."*

9. Whereas NCDPS further agrees to revise its Religious Practices Manual and related policies and procedures to clarify that Jehovah's Witnesses, like other recognized faith groups, may request additional corporate worship sessions based on the availability of approved religious volunteers. To carry out this revision, NCDPS agrees to adopt the following language:

> *"Additional corporate worship sessions may be scheduled based on the availability of approved religious volunteers. Wardens or designated staff will confer with Chaplaincy Services Central Office in Raleigh prior to denying requests for reasons other than the availability of approved religious volunteers."*

10. Whereas NCDPS agrees that these revisions will be published and disseminated within 90 days of the entry of this consent decree and that NCDPS will make all reasonable efforts to ensure that the appropriate prison officials are notified of the revisions.

11. Whereas Brown agrees to a waiver of any entitlement to actual or nominal damages with respect to any and all claims raised by Brown in this action, excluding and specifically reserving the right to seek attorneys' fees and costs against the NCDPS Defendants in a subsequent motion.

12. Whereas NCDPS Defendants agree to pay the $350.00 court filing fees incurred by Brown.

13. Whereas Brown further agrees that dismissal of any and all claims against the NCDPS Defendants is appropriate, and therefore requests a dismissal of all remaining claims in this action against the NCDPS Defendants following the formal approval of the Consent Decree by the presiding District Court Judge.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The NCDPS Defendants shall revise the Religious Practice Manual and related policies in accordance with the terms set forth herein.

2. The NCDPS Defendants shall pay Brown $350.00 for court costs incurred by Brown.

3. Any attorney's fees or costs not addressed in this consent decree requested by Plaintiff shall be addressed separately by moving the Court for those fees and costs, and the Court retains jurisdiction to resolve that motion.

4. All remaining claims filed by Brown against the NCDPS Defendants in this action are hereby dismissed.

**IT IS SO ORDERED**:

Signed: March 5, 2020

Graham C. Mullen
United States District Judge

and

s/ John M. Durnovich
Andrew H. Erteschik
N.C. State Bar No. 35269
John M. Durnovich
N.C. State Bar No. 47715
Nathaniel C. Zinkow
N.C. State Bar No. 53778
301 South College Street, Suite 2900
Charlotte, NC 28202
Telephone: 704.342.5344
Facsimile: 704.342.5264
aerteschik@poynerspruill.com
jdurnovich@poynerspruill.com
nzinkow@poynerspruill.com

*Counsel for Plaintiff Marshall Lee Brown, Jr.*


JOSHUA H. STEIN
Attorney General


/s/ Norlan Graves
Norlan Graves
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
ngraves@ncdoj.gov

*Counsel for Defendants Solomon, Brown, Edwards, Redding, White, and Beaver*